UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In the Matter of the Complaint of Reliant Maritime Solutions, LLC, as Owner *pro hac vice* of the M/V STARFIRE, Official No. 261413, for Exoneration From or Limitation of Liability,<br><br>Plaintiff. | Case No. ________________<br><br>In Admiralty |

**VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Plaintiff Reliant Maritime Solutions, LLC ("Reliant"), owner *pro hac vice* of the M/V STARFIRE, Official No. 261413 (the "towboat"), by and through its counsel, as and for its Complaint seeking exoneration from or limitation of liability, states and alleges as follows:

## JURISDICTION AND VENUE

1. This action for exoneration from or limitation of liability under 46 U.S.C. § 30501 *et seq*. constitutes an admiralty and maritime claim under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. This Court has jurisdiction under 28 U.S.C. § 1333 and 46 U.S.C. § 30511.

2. Venue is proper in this district under Rule F(9) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

## PARTIES

3. Reliant is a limited liability company organized and existing under the laws of the State of Kentucky. Reliant's principal place of business is located at 4490 Land Walton Road, Paducah, KY. Reliant is in the business of providing towing services on the inland river system.

## THE INCIDENT

4. On or about July 11, 2026, Reliant was the bareboat charterer, and thus owner *pro hac vice* of the towboat, M/V STARFIRE, which was manned by a crew of nine men, a Captain, a Pilot, Engineer, a Mate, four deckhands, and a cook. Reliant, at all times pertinent herein, used due diligence to maintain the towboat in all respects, seaworthy, tight, staunch, and strong.

5. On or about July 11, 2026, Reliant employee and Captain, Delbert Pemberton, was piloting the towboat and Reliant employees, Antonio Howell and Wesley Kent, were serving as deckhands. While the towboat navigated north bound on the Upper Mississippi River (UMR), with a tow of fifteen barges, three of which were loaded with fertilizer, one of which was partially loaded with fertilizer, and the remaining barges were empty. The towboat and its tow were bound for St. Paul, Minnesota.

6. At or about 10:30 p.m., CDT, on July 11, 2026, near Mile 771.5, UMR, in and around Lake Pepin, a navigable waterway between Minnesota and Wisconsin, a pontoon boat, powered by two horsepower outboard motors, which upon information and belief was being piloted by Ashley Monson, (the "Pontoon") collided with the starboard corner of the tow, being the dumb barge ART 35320. Upon information and belief, the owner of the Pontoon was David Wills, address unknown. Upon information and belief, David Wills is the father of Ashley Monson.

7. The proximate cause of the collision was the failure of the pilot of the Pontoon, a much more maneuverable outboard-powered vessel, both to (a) appreciate the risk of collision, and then (b) failing to act affirmatively either to stop and reverse the Pontoon or to maneuver the Pontoon out of the path of the oncoming, much less maneuverable M/V STARFIRE and her tow. Had the pilot of the Pontoon taken these measures, the pilot could have avoided colliding with the starboard corner of the tow of the M/V STARFIRE.

8. On or about 2:00 a.m., on July 12, 2026, Reliant became aware from local law enforcement officers that the Pontoon had collided with M/V STARFIRE, that three of the occupants of the Pontoon had died, and that three other occupants of the Pontoon had survived.

9. The voyage at issue commenced at approximately 9:15 a.m. on or about July 11, 2026 at Mile 726, UMR, and terminated at approximately 2:00

a.m. on or about July 12, 2026 at Mile 788, UMR. The crew of the towboat were drug-tested as per U. S. Coast Guard regulations. Reliant filed its USCG 2692 Report of a Marine Casualty. Reliant interviewed its crew and arranged for the U. S. Coast Guard to interview them. No one from the crew of the towboat has made a claim for personal injuries arising out of the collision.

**POTENTIAL CLAIMS**

10. Reliant has received written notices of claims. Reliant is filing this action within six months of the date of the collision between the outboard-powered pontoon boat and the starboard corner of the tow of the M/V STARFIRE. Therefore, the filing of this action is timely, pursuant to 46 U.S.C. § 30511(a) and Supplemental Admiralty Rule F(1).

11. Other than the notices of claims received by Reliant from the personal representatives of the three persons who died on or about July 11, 2026, following the collision, the three survivors, and the pontoon boat owner, there are no demands, unsatisfied liens, or claims of liens, in contract or in tort, or otherwise, arising from the voyage at issue, so far as known to Reliant. There are no other actions, procedures, or lawsuits, other than this lawsuit known to be pending as a result of the voyage at issue. Since July 12, 2026, the M/V STARFIRE has navigated between Winona, Minnesota and St. Paul, Minnesota, and is presently operating between these two locations.

**EXONERATION OR LIMITATION**

12. The collision of the Pontoon with the starboard corner of the tow of the M/V STARFIRE, and all alleged claims and resulting damages, if any, were not caused or contributed to by any fault or neglect of Reliant, as owner *pro hac vice* of the M/V STARFIRE, nor on the part of the M/V STARFIRE herself, nor was there any unseaworthy condition aboard the M/V STARFIRE which caused or contributed to the collision. The cause of the collision of the Pontoon with the starboard corner of the tow (ART 35320) of the M/V STARFIRE is still under investigation; however, the towboat was seaworthy, and Reliant was not negligent in any way which could have contributed to or caused the collision. Reliant, therefore, is entitled to be exonerated from all liability arising out of the collision of the Pontoon boat with the starboard corner of the tow of the M/V STARFIRE.

13. In the alternative, the collision of the Pontoon with the starboard corner of the tow of the M/V STARFIRE, and all alleged claims and resulting damages, were occasioned and incurred without the privity or knowledge of Reliant or of anyone whose privity and knowledge is imputable to Reliant. Reliant, therefore, is entitled to limit its liability to the value of the towboat at the time of and immediately following the collision of the outboard-powered pontoon boat and the starboard corner of the tow of the M/V STARFIRE and at the conclusion of the voyage at issue, pursuant to 46 U.S.C. §30501, *et seq*.

The M/V STARFIRE is a commercial inland marine towing vessel and, as stated earlier, had a tow made up of fifteen barges, three of which were loaded with fertilizer, one of which was partially loaded with fertilizer, and eleven of which were empty. The collision, upon information and belief, occurred at or about 10:30 p.m. (CDT) on July 11, 2026.

14. Reliant, as owner *pro hac vice* of the M/V STARFIRE, hereby claims exemption and exoneration from liability for any and all losses or damages of any kind occasioned or incurred by or resulting from the collision of the Pontoon with the starboard corner of the tow of the M/V STARFIRE, and from any and all suits and claims which may hereafter be made against it, and Reliant alleges that it has valid defenses thereto in fact and in law. Reliant further claims the benefits of the limitation of liability provided by the Limitation of Vessel Owner's Liability Act, 46 U.S.C. §30501, *et seq.*, and, to that end, Reliant is willing to proceed according to admiralty law and pursuant to the Federal Rules of Civil Procedure as made applicable to admiralty and maritime causes of action.

## VALUE

15. Immediately following the collision of the Pontoon and the starboard corner of the tow of the M/V STARFIRE, and, thereafter, at the conclusion of the voyage at issue, the value of the towboat was $2,300,000.00.

(*See* Affidavit of Casey Herschler attached hereto as **EXHIBIT A** and incorporated herein by reference as if fully set forth herein.)

**WHEREFORE**, Plaintiff Reliant Maritime Solutions, LLC prays for judgment as follows:

A. That Plaintiff be exonerated because it is not liable for any claims, injury, and/or loss arising from the maritime incident occurring on or about July 11, 2026;

B. Alternatively, if Plaintiff is adjudged liable by a court of competent jurisdiction, that such liability be limited to Plaintiff's interest in the value of the vessel, plus applicable interest and costs, and that Plaintiff is discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured, to be divided pro-rata according to the applicable statues among such claimant(s) as may duly prove its/their claim(s), saving to all parties any priorities to which they may be otherwise legally entitled, and that a decree may be entered discharging Plaintiff from all further liability.

C. Consistent with, and pursuant to, Plaintiff's motion filed with the Court subsequent to this Complaint, that this Court issue an order to include the following:

(a) that this Court enter an order approving the *ad interim* stipulation for the value of the towboat, the M/V STARFIRE, in the

amount of $2,300,000, plus interest at the rate of six percent (6%) per annum from the date of the filing of this Complaint, and costs;

(b) that upon approval of the foregoing *ad interim* stipulation and the posting thereof, this Court enter an order enjoining and/or restraining the commencement and/or prosecution of any and all actions, suits, and/or legal proceedings of whatsoever kind, nature, or character, against either the towboat, the M/V STARFIRE, or the dumb barges which were in its tow; or Plaintiff, its members, managers, officers, agents, representatives, servants, employees, and affiliated companies, and any other person or entity whatsoever for whom Plaintiff may be responsible, arising out of or attributable to the collision of the outboard-powered pontoon boat with the starboard corner of the tow of the M/V STARFIRE on the evening on or about July 11, 2026, at or near Mile 771.5 UMR;

(c) that this Court cause notice to be issued to all persons, companies, or corporations having or alleging to have claims arising out of the collision of the outboard-powered pontoon boat with the starboard corner of the tow of the M/V STARFIRE on the evening on or about July 11, 2026, at or near Mile 771.5 UMR:

a. admonishing each of them to appear and file his/hers/its claim with the Clerk of this Court on or before the date to be fixed by this

Court or be forever barred and permanently enjoined from making and filing such a claim ; and

b. directing each of them to answer the allegations contained in this Complaint;

D. For such other and further relief as this Court deems just and equitable.

Dated: September 1, 2026

ECKLAND & BLANDO LLP

/s/ Vince C. Reuter
Vince C. Reuter
Bailey T. Stubbe
100 Washington Avenue South
Suite 1500
Minneapolis, MN 55401
(612) 236-0160
vreuter@ecklandblando.com
bstubbe@ecklandblando.com

HENDERSON DANTONE, P.A.

Frank J. Dantone (*application for pro hac vice pending*)
P.O. Box 778
Greenville MS 38702
(662) 378-3400
fjd@hdpa.com

*Counsel for Reliant Maritime Solutions, LLC*

**VERIFICATION**

**STATE OF KENTUCKY**

**COUNTY OF MCCRACKEN**

I, Jeremy Tardy, being first duly sworn, state that I am a Managing Partner of Reliant Maritime Solutions, LLC. I have read the foregoing Complaint, and all of the matters set forth therein are true and correct to the best of my knowledge, information, and belief. I am authorized to make this verification on behalf of Reliant Maritime Solutions, LLC, and same is the free act and deed of Reliant Maritime Solutions, LLC.

JEREMY TARDY

**SWORN TO AND SUBSCRIBED BEFORE ME,** this the 31ST day of August, 2026.

Jennifer Lee Edwards
**NOTARY PUBLIC**

**My Commission expires:**
7-28-2027

NOTARY PUBLIC
Expires 7/28/2027
Jennifer Lee Edwards
My Commission #
KYNP76518
COMMONWEALTH OF KENTUCKY

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF ?????, FOR EXONERATION FROM OR | § | |
| LIMITATION OF, LIABILITY | § | No. 1:21-cv-________________ |
| | § | |

**DECLARATION AS TO VESSEL'S VALUE**

| | |
|---|---|
| STATE OF MISSOURI | § |
| | § |
| COUNTY OF ST. LOUIS | § |

Casey M. Herschler, being duly sworn, deposes as follows:

I am an independent senior appraiser, certified by the American Society of Appraisers, with a specialty in the marine industry. I am experienced in appraising vessels of all types with over 14 years of experience and was so engaged by the attorneys for the Operator to estimate the fair market value of the M/V "**STARFIRE**", Official Number – 261413, in connection with an accident on July 11, 2026 ("the Incident"). I am the President for North American Marine Consultants, LLC, 12813 Flushing Meadows Dr., Suite 230, St. Louis, Missouri 63131.

At this time, I have not been provided any information about the Incident, and I do not have personal knowledge about it. I am not offering any opinions with respect to the Incident and will not be doing so in the foreseeable future.

As of July 11, 2026, in my opinion the M/V "**STARFIRE**" had a fair market value of $**2,300,000.00**.

[signature]
Casey M. Herschler

SUBSCRIBED AND SWORN TO BEFORE ME on this 14th day of August, 2026.

[signature]
NOTARY PUBLIC, State of Missouri

STACY BUTLER
Notary Public - Notary Seal
STATE OF MISSOURI
Commissioned for Saint Charles County
My Commission Expires: June 26, 2030
ID #14450912

**EXHIBIT "A"**