UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In the Matter of the Complaint of Reliant Maritime Solutions, LLC, as Owner *pro hac vice* of the M/V STARFIRE, Official No. 261413, for Exoneration From or Limitation of Liability,<br><br>Plaintiff. | Case No. 26-cv-03850 (NEB/ECW)<br><br>In Admiralty |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER ENJOINING SUITS, APPROVING SECURITY, AND DIRECTING ISSUE OF NOTICE AND THE FILING OF CLAIMS**

## INTRODUCTION

As the owner *pro hac vice* of the M/V STARFIRE, federal law provides Plaintiff Reliant Maritime Solutions, LLC ("Reliant") the right to seek exoneration from, or to limit its liability against, any claim arising from a specific maritime accident or loss involving the M/V STARFIRE to only the value of that vessel plus pending freight. *See* 46 U.S.C. § 30501 *et seq*. Reliant meets the legal requirements. *See, e.g., In re Am. Milling Co., Ltd.,* 409 F.3d 1005, 1011 (8th Cir. 2005) (providing that the act applies to "owners *pro hac vice*, and certain charters"). Applying Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, this Court should grant Reliant's motion, thus enjoining all other suits in any jurisdiction,

approving the required security, and then directing issue of notice and the filing of claims in this Court.

## BACKGROUND

As Reliant alleged in its Verified Complaint, at or about 10:30 p.m., on July 11, 2026, near Mile 771.5 on the Mississippi River, in Lake Pepin, a pontoon boat collided with the starboard corner of a dumb barge connected to the M/V STARFIRE. Upon information and belief, Ashley Monson operated that pontoon, a vessel believed to be owned by her father David Wills. (Verified Complaint [Doc. 1] ¶ 6.) There were six passengers aboard the pontoon, with three tragically dying in the collision, and three others being injured. (*Id.* ¶ 8.) Reliant expressly denies any responsibility for the collision and subsequent injuries and deaths. (*Id.* ¶¶ 7, 12.)

As also alleged, since July 11, 2026, Reliant has received written notices by potential claimants. (*Id.* ¶ 10.) These claims exceed the total value of the vessel plus pending freight, which Reliant valued at $2,300,000 at the time of the collision. (*Id.* ¶ 15, Ex. A.)

## DISCUSSION

Under federal law, Reliant may limit its liability from any claim arising from the July 11, 2026 incident to the value of its interest in the vessel. The relevant portion of the Limitation Act states:

> **(a) In general.**—Except as provided in section 30506 of this title, *the* <u>*liability of the owner of a vessel*</u> *for any claim, debt, or liability described in subsection (b)* <u>*shall not exceed the value of the vessel and pending freight*</u>. If the vessel has more than one owner, the proportionate share of the liability of any one owner shall not exceed that owner's proportionate interest in the vessel and pending freight.
>
> **(b) Claims Subject to Limitation.**—Unless otherwise excluded by law, claims, debts, and liabilities subject to limitation under subsection (a) are those arising from any embezzlement, loss, or destruction of any property, goods, or merchandise shipped or put on board the vessel, *any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred,* without the privity or knowledge of the owner.

46 U.S.C. § 30523 (emphases added). The definition of "owner" also "includes a charterer that mans, supplies, and navigates a vessel at the charterer's own expense or by the charterer's own procurement." 46 U.S.C. § 30501; *see also In re Am. Milling Co.,* 409 F.3d at 1011.

Additionally, because Reliant "may demand exoneration from as well as limitation of liability" in an action, *see* Fed. R. Civ. P. Supp. R. F(2), this proceeding is not an admission of liability, but merely a "concursus procedure" that allows Reliant to defend against all potential claims in a single federal proceeding. *In re Am. River Transp. Co.*, 800 F.3d 428, 432 (8th Cir. 2015).

## I. This Court Should Enjoin the Prosecution of All Other Lawsuits Related to the Claims.

The Federal Rules direct the Court to "enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with

respect to any claim subject to limitation in the action" after a vessel owner has timely filed its limitation complaint and posted security. Fed. R. Civ. P. Supp. R. F(2); *accord Churchill v. F/V FJORD*, 5 F.3d 374, 376 (9th Cir. 1993) (stating that "once a vessel owner files a limitation bond, the owner is entitled to an injunction enjoining any other actions involving claims being litigated in the limitation action").

Consistent with its practice and Federal law, this Court should order the entry of the injunctive relief to restrain any other suits related to the July 11, 2026 incident. *See, e.g., In re Complaint of Lade*, 23-cv-01859 (SRN/DLM) (D. Minn. July 18, 2023) [Dkt. #6] (order granting motion to enjoin suits in limitation of liability action); *In re Complaint of ArmstrongLOW Inc.*, 22-cv-00350 (NED/LIB) (D. Minn. Mar. 16, 2022) [Dkt. #6] (same); *In re Complaint of Wendt*, 22-cv-0644 (PJS/ECW) (D. Minn. Mar. 15, 2022) [Dkt. #7] (same). Through a limitation proceeding, all potential claimants in this matter will have the opportunity to bring their claims, including the ability to contest the right to limitation or the amount of the limitation fund. *See* Fed. R. Civ. P. Supp. R. F(7).

Because Reliant timely filed its complaint and complied with Rule F, this Court should enter an order for injunctive relief to enjoin any other suits, thus effectuating the mandatory concursus procedure and this Court's exclusive jurisdiction. *See In re Central R. Co. of New Jersey*, 469 F.2d 857, 861 (3d. Cir.

1972) ("It has long been settled that once an Admiralty Court acquires jurisdiction in a limitation of liability proceeding, its jurisdiction is exclusive of all other forums, where the amount of the claims exceeds the value of the vessel and its freight.") (citation omitted).

## II. This Court Should Approve Reliant's Security.

Reliant has also met the threshold requirement to provide the Court security. (Declaration of Vince C. Reuter ("Reuter Decl.") ¶ 2, Ex. A.) Reliant met this requirement because the security it offered is the equivalent value of his interest in the vessel after July 11, 2026, plus any pending freight. 46 U.S.C. § 30529(b); Fed. R. Civ. P. Supp. R. F(1); *In re Complaint of Caribbean Sea Transport, Ltd.*, 748 F.2d 622, 626 (11th Cir. 1984); *see also* *Cody v. Phil's Towing Co.*, 247 F.Supp.2d 688, 693-94 (W.D.Pa. 2002) (citing *Standard Oil of New Jersey v. Southern Pacific Co.*, 268 U.S. 146, 155 (1925)) (stating that the ultimate measure of the value of a vessel for purposes of the Limitation Act is the fair market value of the vessel). Reliant's interest in the Vessel is also measured after the incident. *See Matter of Complaint of B&C Seafood, LLC*, 426 F. Supp. 3d 82, 88 (D.N.J. 2019) (noting that value is measured by the scrap after the collision).

Reliant further requests that the Court should accept the *ad interim* security that Reliant provided in the amount of $2,300,000, plus six percent (6%) interest per annum, and costs. *See* Fed. R. Civ. P. Supp. R. F(1). Reliant's

tendered security amount is based on the *Ad Interim* Stipulation for Value submitted by Jeremy Tardy, on behalf of Reliant, and Twanda Smith, on behalf of Beazley Insurance Company, the lead underwriter and surety. (Reuter Decl. ¶ 2, Ex. A.) This stipulation ensures, in relevant part, that Reliant will "pay and satisfy any amount awarded by a final judgment … up to and not exceeding the total sum of $2,300,000.00, plus interest at the rate of six percent (6%) per annum from the date of the Verified Complaint[.]" (*Id.*) In summary, because Reliant has complied with the requirements of 46 U.S.C. § 30511 and Fed. R. Civ. P. Supp. R. F(1), its respectfully asks this Court to approve the *ad interim* security.

## III. This Court Should Direct Issuance and the Filing of Claims.

Notice is the means by which the Court brings all claimants before this limitation proceeding. *See* Fed. R. Civ. P. Supp. R. F(4). And this notice requires publication, which "ensures that all claimants, not just a favored few, will come in on an equal footing to obtain a *pro rata* share of their damages." *In re Central R.R.*, 469 F.2d at 861. The procedures for notice are:

> **(4) NOTICE TO CLAIMANTS.** Upon the owner's compliance with subdivision (1) of this rule the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after the issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such

> newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. In cases involving death, a copy of such notice shall be mailed to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death.

Fed. R. Civ. P. Supp. R. F(4). Reliant requests that the Court set the deadline for filing claims in this proceeding as thirty (30) days from the Court's issuance of its notice. Reliant further requests that the Court publish its notice in the *Wabasha County Herald*, the leading newspaper in Wabasha County, MN an adjoining county to Lake Pepin where the July 11, 2026 incident occurred. Alternatively, the Court may choose to direct publication in the *Minnesota Star Tribune*, the leading newspaper in the Minneapolis-St. Paul Metropolitan Area, with statewide circulation. Consistent with Supplemental Rule F(4), Reliant will subsequently issue a notice to all potential claimants who have provided Reliant with a notice. In summary, because Reliant has complied with all applicable rules, this Court should issue notice and admonish potential claimants to file their respective claims by the applicable deadline.

## CONCLUSION

Reliant's right to this limitation proceeding is dictated by 46 U.SC. § 30501 *et seq.* and Rule F of the Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions. Because Reliant has met its requirements, this Court should effectuate federal law by granting this motion, thus enjoining all other suits in any jurisdiction, approving the required security, and directing issue of notice and the filing of claims in this Court.

ECKLAND & BLANDO LLP

Dated: September 18, 2026

/S/ VINCE C. REUTER
Vince C. Reuter
Bailey T. Stubbe
100 Washington Avenue South
Suite 1500
Minneapolis, MN 55401
(612) 236-0160
vreuter@ecklandblando.com
bstubbe@ecklandblando.com

HENDERSON DANTONE, P.A.

Frank J. Dantone (*application for pro hac vice pending*)
P.O. Box 778
Greenville MS 38702
(662) 378-3400
fjd@hdpa.com

*Counsel for Reliant Maritime Solutions, LLC*

## CERTIFICATE OF WORD COUNT

I hereby certify that this document complies with the limits in LR 7.1(f) and (h). It is printed in Century Schoolbook, a proportionately spaced font, and includes 1771 words, excluding items enumerated in LR 7.1(f)(1)(C). I relied on my word processor, Microsoft Word, to obtain the count.

ECKLAND & BLANDO LLP

Dated: September 18, 2026

/S/ VINCE C. REUTER

Vince C. Reuter
Bailey T. Stubbe
100 Washington Avenue South
Suite 1500
Minneapolis, MN 55401
(612) 236-0160
vreuter@ecklandblando.com
bstubbe@ecklandblando.com