UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In the Matter of the Complaint of Reliant Maritime Solutions, LLC, as Owner *pro hac vice* of the M/V STARFIRE, Official No. 261413, for Exoneration From or Limitation of Liability,<br><br>Plaintiff. | Case No. 26-cv-03850 (NEB/ECW)<br><br>In Admiralty |

**ORDER ENJOINING SUITS, APPROVING SECURITY, AND DIRECTING ISSUE OF NOTICE AND THE FILING OF CLAIMS**

Plaintiff Reliant Maritime Solutions, LLC ("Reliant") as Owner *pro hac vice* of the M/V STARFIRE, Official No. 261413 (the "Vessel"), brought this action under the Limitation of Liability Act, *see* 46 U.S.C. § 30529, seeking to avoid or limit the potential liability it faces for an incident involving a vessel it owns. In a motion filed with its complaint, Plaintiff seeks an order:

1. Enjoining the prosecution of all claims and proceedings against Plaintiff, his insurers, or the Vessel, related to the matter described in Plaintiff's Complaint for Exoneration From or Limitation of Liability;

2. Approving the *ad interim* security found in Exhibit A to Plaintiff's Complaint for Exoneration From or Limitation of Liability related to the value of the Vessel; and

3. Directing the issuance of notice to Plaintiff's Complaint for Exoneration From or Limitation of Liability, to all persons asserting claims with respect to the matter described in Plaintiff's Complaint for Exoneration From or Limitation of Liability, and to file their respective claims with the Clerk of Court and serve the undersigned counsel for Plaintiff a copy of said claim, on or before a date to be named in the notice.

For the reasons that follow, Plaintiff's motion will be granted.

## I

As alleged in his Complaint, Plaintiff Reliant was the bareboat charterer and thus owner pro hac vice of the towboat, M/V STARFIRE ("the "Vessel"). On or about July 11, 2026, Reliant employee and Captain, Delbert Pemberton, was piloting the towboat and Reliant employees, Antonio Howell and Wesley Kent, were serving as deckhands. While the towboat navigated north bound on the Upper Mississippi River (UMR), with a tow of fifteen barges, three of which were loaded with fertilizer, one of which was partially loaded with fertilizer, and the remaining barges were empty. The towboat and its tow were bound for St. Paul, Minnesota.

At or about 10:30 p.m., on July 11, 2026, near Mile 771.5, UMR, in and around Lake Pepin, a navigable waterway between Minnesota and

Wisconsin, a pontoon boat, powered by two horsepower outboard motors, which upon information and belief was being piloted by Ashley Monson, (the "Pontoon") collided with the starboard corner of the tow, being the dumb barge ART 35320. On or about 2:00 a.m., on July 12, 2026, Reliant became aware from local law enforcement officers that the Pontoon had collided with M/V STARFIRE, that three of the occupants of the Pontoon had died, and that three other occupants of the Pontoon had survived.

Plaintiff filed its Complaint in this matter on September 1, 2026. With it, Reliant filed a Vessel Valuation that established the value of the Vessel at $2,300,000. Shortly after commencing this action, Plaintiff filed the underlying motion to enjoin further suits, to approve his provided security, and direct issuance of a notice and the filing of claims. As part of this motion, without admitting liability or the right to limitation, Plaintiff filed an *Ad Interim* Stipulation for Value that promises to pay any judgment in this court, plus interest and costs, up to $2,300,000.

II

The Limitation of Liability Act ("LOLA") limits a shipowner's liability for certain claims to "the value of the vessel and pending freight." 46 U.S.C. § 30523(a). Among the covered claims are "those arising from any … loss … incurred[] without the privity or knowledge of the owner." *Id.* § 30523(b). A

vessel owner can invoke this limitation by bringing a civil action in a federal district court "within 6 months after a claimant gives the owner written notice of a claim." *Id.* § 30523(a). Owners of vessels *pro hac vice* and certain charters are considered "owners" under the act. *In re Am. Milling Co., Ltd.,* 409 F.3d 1005, 1011 (8th Cir. 2005).

LOLA did not include procedures to govern the limitation actions that it authorized, prompting the Supreme Court to develop procedural rules to facilitate LOLA actions. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 447 (2001); *In re Am. River Transp. Co.*, 728 F.3d 839, 841 (8th 2013). These rules led to Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which are part of the Federal Rules of Civil Procedure. *Am. Milling Co. v. Brennan Marine, Inc.*, 623 F.3d 1221 (8th Cir. 2010).

Rule F permits a vessel owner to file a complaint for limitation of liability "not later than six months after receipt of a claim in writing." Fed. R. Civ. P. Supp. R. F(1); *see* 46 U.S.C. § 30523(a). The complaint must set forth, *inter alia*, the factual basis for the owner's claim, including the circumstances of the alleged loss, the "value of the vessel at the close of the voyage," and the "amount of all demands." Fed. R. Civ. P. Supp. R. F(2). "The complaint may demand exoneration from as well as limitation of liability." *Id.* After filing the

complaint, the owner must deposit with the court "a sum equal to the owner's interest in the vessel," or "approved security therefor," as well as such additional sums "as the court may from time to time fix as necessary to carry out the provisions of the statute[.]" Fed. R. Civ. P. Supp. R. F(1); *see* 46 U.S.C. § 30523(b). Finally, the owner is required to "give security for costs" and for six percent annual interest on the value of the owner's interest in the vessel. Fed. R. Civ. P. Supp. R. F(1).

The court must take two actions after the owner complies with these requirements. First, upon the plaintiff's request, "the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." *Id.* F(3); *see* 46 U.S.C. § 30523 (c). Next, the court "shall issue a notice" to all potential claimants "admonishing them to file their respective claims" by a fixed date. Fed. R. Civ. P. Supp. R. F(4). The notice should be then published in "such newspaper or newspapers as the court may direct once a week for four successive weeks." *Id.*

Following the expiration of the claim deadline, the district court may proceed to "resolve the vessel owner's claim to limitation of liability as to all claims that have been timely filed." *In re Archer Daniels Midland Co.*, No. 18-cv-1131 (WMW/SER), 2019 WL 4917126, at *1 (D. Minn. Oct. 4, 2019). The

claimants then have the opportunity to contest the plaintiff's right to exoneration from or limitation of liability, as well as the amount of funds available to pay claims. Fed R. Civ. P. Supp. R. F(5), (7). For "all properly noticed claimants who have not timely filed a claim," the court usually enters a default judgment against them. *Id.*; *see In re Am. Riv. Transp. Co.*, 800 F.3d 428, 441 (8th Cir. 2015) (Riley, C.J., concurring) (citing 2 Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 15-5, at 184-86 (5th ed. 2011)).

III

Applying this law, Plaintiff's motion should be granted. *See, e.g., In re Complaint of Lade*, 23-cv-01859 (SRN/DLM) (D. Minn. July 18, 2023) [Dkt. #6] (order granting motion to enjoin suits in limitation of liability action); *In re Complaint of ArmstrongLOW Inc.*, 22-cv-00350 (NED/LIB) (D. Minn. Mar. 16, 2022) [Dkt. #6] (same); *In re Complaint of Wendt*, 22-cv-0644 (PJS/ECW) (D. Minn. Mar. 15, 2022) [Dkt. #7] (same). First, Plaintiff's motion appears to be timely because it was filed within six months of a written notice of claim in excess of the Vessel's value. Second, Plaintiff sufficiently pleaded the factual basis for exoneration or limitation of liability. For example, the Complaint recounts the circumstances of the July 11, 2026 collision, (*see* Compl ¶¶ 4–9,) alleges that it "occurred without Plaintiff's privity or knowledge," (*id.* ¶¶ 12–13) and established the value of the vessel and the requisite surety. (*Id.* ¶¶

22-24.) These are the threshold requirements under federal law. Fed. R. Civ. P. Supp. R. F(2).

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED THAT**:

4. Plaintiff's Motion to enjoin the prosecution of all claims and proceedings against Plaintiff, its insurer, or the Vessel, related to the matter described in Plaintiff's Complaint for Exoneration From, or Limitation of, Liability is **GRANTED.**

5. With the exception of this proceeding, the institution or prosecution of any suits, actions, or legal proceedings of any nature or description whatsoever in any court whatsoever against Plaintiff or M/V STARFIRE, involving any claim arising out of or connected to the July 11, 2026 collision at issue in this action, is hereby **STAYED** and **RESTRAINED** until further order of this Court.

6. Plaintiff's *ad interim* security is **APPROVED**.

7. The execution and filing of the *ad interim* security is without prejudice to the due appraisal of Plaintiff's interest. On the filing of a verified appraisal of Plaintiff's interest, any party may apply to have the amount of the stipulation increased or decreased as the Court may direct.

8. The Clerk of Court is directed to sign and issue the attached Notice of Complaint for Exoneration from, or Limitation of, Liability.

9. Plaintiff shall cause the attached Notice of Complaint for Exoneration from, or Limitation of, Liability to be published in the *Wabasha County Herald*, a newspaper of general circulation in the relevant area, once a week for four (4) consecutive weeks prior to the date fixed for the filing of claims. Not later than the day of the second publication, Plaintiff shall mail a copy of the notice to every person or other entity known to have made any claim against Plaintiff or against the M/V STARFIRE arising out of the July 11, 2026 incident.

10. All persons having claims related to the July 11, 2026 incident at issue in this action shall have until ____________ to file a claim with the Clerk of Court and serve a copy on Plaintiff.

11. Plaintiff must serve a copy of this order on the persons to be restrained or their respective attorneys or representatives.

Dated: ____________

/S/____________________________

The Honorable Nancy E. Brasel
United States District Court
District of Minnesota